[No. 15207.   Department Two.   April 7, 1919.]

LIZZIE WEIDERT, *Respondent*, v. JOHN WEIDERT, *Appellant*.[1]

DIVORCE (54) — JURISDICTION AND RELIEF — DIVORCE TO EITHER PARTY. Where both parties sustained their case, it is immaterial to which party the court granted the divorce as the less blameworthy of the two.

SAME (71, 80)—PERMANENT ALIMONY—AMOUNT. Upon granting a divorce from a mercenary marriage to a wife who brought nothing to the marriage estate, both parties being blameworthy, an allowance of $5,000, including $250 attorney's fees, out of the husband's separate property valued at $25,000, held sufficient.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered March 15, 1916, upon findings in favor of the plaintiff, after trial on the merits, in an action for divorce. Modified.

*J. W. Brooks,* for appellant.

*T. M. McKinney* and *Sharpstein, Smith & Sharpstein,* for respondent.

CHADWICK, C. J.—Plaintiff brought action for divorce. Defendant plead the general issue and set up an affirmative cause of action by way of cross-complaint and prayed for a decree.

Both plaintiff and defendant so well sustained their respective pleas that the court may well have granted a divorce to either, or denied the prayer of both. The court found "That plaintiff has not been without blame but is less blameworthy than the defendant, and that plaintiff is entitled to a divorce against the defendant."

At this distance, we cannot say that the court abused its discretion. To which spouse a decree is given, is

[1]Reported in 180 Pac. 135.

of no concern to us or to the public. We therefore
pass the charge that the court erred in refusing to
grant the divorce to the defendant, and come to the
only question in the case.

The court found, upon the admission of the defend-
ant, that he was worth $25,000, and ordered the de-
fendant to pay forthwith into the registry of the court
for the use of the plaintiff $6,000 and $250 attorney's
fees and costs. When the parties were married in
1906, each had had previous matrimonial experience.
Plaintiff had certainly about $900, and possibly $1,500.
Whatever the amount may have been, she retained
it as her own. Defendant had the property that he
now has, and which is now his separate property. De-
fendant is worth more than when married, but his
added worth comes from the increased value of his
lands. The parties traveled much in search of health,
and a considerable sum was spent for the benefit of
plaintiff—defendant says about $6,000, but without
a showing of all the items. It is certain, however,
that a substantial aggregate sum was dispensed; for
two operations were performed, one of which was to
relieve a condition which, in the opinion of the sur-
geons, resulted from a vicious infection of some years'
standing.

Plaintiff brought nothing to the marriage state—
neither health nor property. There is nothing in the
habit, conduct, or the lives of the parties to call for
an admeasurement of equities. There never was a
heart or a true emotion in the union; and in the disso-
lution we feel that the court should meet the situation
in the impassiveness that moved the parties when they
entered into the married state in which they have
walked during the eleven years of their disastrous
venture. Were the question entirely original, we

would not be so liberally inclined as was the trial judge, or as we have decided to be, having due regard and esteem for his opinion. With this feeling, then, we have concluded that plaintiff should have no more than $5,000 including the $250 allowed for attorney's fees.

In the notice of appeal, reference is made to an order allowing plaintiff $250 attorney's fees on appeal and $75 per month alimony pending the appeal. We do not find such an order in the transcript. Our decision will nullify the order, if it was made, but defendant will pay plaintiff's counsel $250 as attorney's fees on appeal, and the balance of the $5,000 into the registry of the court for the use of plaintiff.

We find nothing to commend in either party, and have no sympathy for the one over the other. We believe this award to be just as well as generous. Respondent will recover costs on appeal.

Modified.

FULLERTON, PARKER, MOUNT, and HOLCOMB, JJ., concur.