[No. 21350. Department One. February 14, 1929.]

ELSIE VAN KLEFFENS, *Respondent*, v. GEORGE VAN KLEFFENS, *Appellant*.[1]

*Clarence L. Gere* and *Van Dyke & Thomas,* for appellant.

*Julia Waldrip Ker* and *Herr, Bayley, Croson & Innis,* for respondent.

HOLCOMB, J.—Respondent sued appellant for a divorce, property settlement, attorney's fees and costs, alleging grounds for divorce which, if believed by the trial court, undoubtedly entitled her thereto. Appellant, besides pleading the general issue, set up an affirmative cause of action by cross-complaint, and prayed for a decree in his favor. The court, after hearing the evidence, found that the parties were mutually at fault, but that respondent was less at fault than appellant and that certain charges of immoral conduct made by appellant against respondent were unjustified.

[1]Reported in 274 Pac. 708.

Appellant disclosed all his property and alleged that it was all separate property, acquired either before marriage or from the proceeds and avails of separate property. He alleged that there was no community property.

The trial court made a number of findings in favor of respondent, and awarded her certain real estate and the furniture and furnishings situated therein.

Appellant offered a number of findings in his favor, which were refused. To a number of the findings made by the court and the refusal of the court to make the requested findings, appellant excepted. A great deal of the testimony is set forth in the brief of appellant, and a number of deductions made therefrom upon which it is contended that the trial court erred in its findings in favor of respondent and in refusing the findings tendered by appellant; and that the trial court erred in granting the interlocutory order of divorce to respondent and awarding her the property therein described.

Although we are urged to reverse the findings, conclusions and decree of the trial court, upon the evidence as shown by a rather lengthy record, we are unable to do so. We have examined every finding assailed by appellant and find that there is competent evidence in every instance to support the finding. True, the evidence is in conflict, but the judge who saw and heard the witnesses was in much better position to judge of the weight and credibility to be accorded them than are we at this distance. *Hughes v. Hughes*, 118 Wash. 262, 203 Pac. 376.

On the divorce issue, upon the record there is ample evidence to sustain, and no preponderance against, the findings.

As to the property settlement, appellant strenuously contends that the trial court violated the re-

quirements of Rem. Comp. Stat., § 989, requiring the trial court to make such disposition of the property as shall appear just and equitable, having regard to the respective merits of the parties and the condition in which they will be left by such divorce and to the party through whom it was acquired and the burdens imposed upon it for the benefit of the children.

The complaint is largely based upon the contentions that he was innocent and respondent was at fault as to any cause for a divorce, and that the property was all separate and not community property; that respondent did not assist in its acquisition and that there are no children. It is also asserted that the award made to respondent was equal to at least one-third his entire property holdings, and is therefore inequitable.

The parties were married December 12, 1917. Appellant is twenty-two years older than respondent. No issue was born to the marriage. Respondent has a daughter who was seven years of age at the time of the marriage. Both parties had been married before.

During at least nine years of the duration of the marriage relation, as the evidence shows and as was found by the court, respondent was extremely industrious, attentive, performed her household duties well and did other work than the mere performance of the household duties, including labor in improving the very real estate awarded her. During that time the resources which appellant had owned previous to the marriage were largely increased, and the dairy business which he acquired in Seattle was made very productive by the energies and activities of both. Respondent is untrained in any profession, and her only means of livelihood is by manual labor. She is not a young woman, nor is she strong and healthy. Her health was impaired, due to an operation shortly after the marriage, caused by the importunities of appellant,

and by reason thereof she is barren. Appellant is large, healthy, and a capable business man.

Appellant disclosed real and personal property of the value of probably more than $30,000. The court awarded him an income-producing business property in Seattle known as 1021 King street, improved with a two-story, brick-veneered business and rooming-house building, which the court found, and the evidence shows, to be worth from $17,000 to $20,000, and a house and lot in Sequim, Washington, of the value of about $2,000, together with automobiles and stock in the Arlington Dairy, Inc., of the par value of $3,125. A considerable amount of personal property, consisting of household furniture, and furnishings situated in the property awarded respondent at 910 and 914 No. 77nd street, Seattle, was awarded to her with the real estate. That consists of two houses on three lots, valued by appellant at $8500, subject to encumbrances. All other real and personal properties were awarded to appellant. Respondent was allowed $250 attorney's fees, a very moderate allowance.

The real estate awarded respondent is subject to an encumbrance of $2,000 remaining unpaid under a mortgage thereon, together with interest amounting to $70 and unpaid local improvement assessment installments aggregating $284.88.

Although there are no children of the marriage, the condition in which the parties will be left is to be considered, the needs of the wife being of most importance.

There is nothing to sustain the contention of appellant here that this was a mercenary marriage in the beginning.

In *Weidert v. Weidert,* 106 Wash. 410, 180 Pac. 135, which was a mercenary marriage from which respondent had derived considerable benefit during the ten

years of the marriage, and to which she contributed nothing, this court made an award of $5,000, out of $25,000 worth of property, and $250 attorney.'s fees to the wife. .

In *Hutchison v. Hutchison,* 148 Wash. 417, 269 Pac. 341, the wife brought nothing to the union, the marriage resulted in heavy financial loss to the husband, each had been previously married; each was of mature years when they had been married; the husband was seventeen years older than the wife and owned property in excess of $45,000. The wife in that case was in the prime of life, in apparent general good health and had been self-supporting before marriage. In that case we sustained an award of $6,200, besides costs and attorney's fees to the wife, as well as certain personal property and effects which were also awarded to her. See, also, *Gust v. Gust,* 78 Wash. 414, 139 Pac. 228.

The questions relating to the disposition of the property of the parties in divorce actions are not determinable under our statute by any rule of law less general than the statutory rule, nor by the fact that all or most of the property is separate property of the husband. *Leonhard v. Leonhard,* 147 Wash. 311, 265 Pac. 1118. See, also, *Nelson v. Nelson,* 131 Wash. 646, 230 Pac. 819.

Upon the record here we can see no great inequity in the findings, conclusions and decree.

Affirmed.

MITCHELL, C. J., FULLERTON, TOLMAN, and BEALS, JJ., concur.