LEOLA AGNES CARSON *v.*
ROBERT TREBOR CARSON.

No. 4579.

December 12, 1967.

RICHARDSON, C.J., MIZUHA, MARUMOTO, ABE
AND LEVINSON, JJ.

OPINION OF THE COURT BY RICHARDSON, C.J.

The appellant, wife, filed a libel for absolute divorce. The appellee, husband, filed an answer and a cross-libel for absolute divorce. At the conclusion of the trial the court granted each party an absolute divorce on the ground of grievous mental suffering. The trial court awarded the wife alimony of $400 a month for a period of three years. There was no jointly owned property, nor did the wife have any separate property having more than a nominal value. The trial court made no division and distribution of the husband's separate property. There were no children of the marriage. The appellant alleges as error the trial court's abuse of discretion in failing to divide and distribute the property and the trial court's denial of her motion for attorney's fees in connection with this appeal.

## DIVISION AND DISTRIBUTION OF PROPERTY

The division and distribution of property between spouses following a divorce is discretionary with the trial court, and unless the trial court abuses its discretion, its decision will not be overturned. *Crow* v. *Crow,* 49 Haw. 258, 262, 263, 414 P.2d 82, 85. Of course, each case must be decided upon its own facts and circumstances. In dividing property, the trial court must consider the factors set out in R.L.H. 1955, Sec. 324-37, the applicable portion of which reads as follows:

"Upon granting a divorce the judge may make such further decree or order against the defendant, compelling him to provide for the maintenance of the children of the marriage, to provide such suitable allowance for the wife, for her support, and to finally divide and distribute the estate, real, personal, or mixed, whether community, joint, or separate, in such proportion as shall appear just and equitable, *having regard to the respective merits of the parties, to the ability of the husband, to the condition in which they will be left by such divorce,* to the burdens imposed upon it for the benefit of the children of such marriage, *and all other circumstances of the case; * * *."* (Emphasis added.)

At the conclusion of the hearing in the trial court on the wife's motion to reconsider its decision, the court stated:

"I certainly did not feel sorry for Mrs. Carson, but that wasn't the basis of my ruling, Mr. Jung. It was simply that the bulk of the husband's property was acquired prior to this marriage, and I felt it would be grossly inequitable to make the distribution of this man's property after this fairly short marriage, and that's why the Court did not do it, and because of the straining of the evidence in order to grant her an absolute divorce, I awarded her a monthly allowance of $400 for [three] years to get her adjusted.

"It is purely a matter of equity in my ruling, and of course the California real estate holding was something that had a family background of some Aunt losing the property,

and Carson used his financial resources to purchase. I just couldn't see distributing that property.

"I don't want to hold that simply because the property was acquired before marriage [it] is not necessar[ily] distributable to the parties at the end of the marriage but from these facts as I have weighed [them] I felt that she should not participate in this man's holding."

There is nothing further presented in the record which would show the reasons on which the trial court based its decision. From the above statement, it is clear that the trial court neglected to consider fully and properly all of the factors set out in Sec. 324-37. The trial court's statement concerning the acquisition of property before marriage is contradictory. The trial court stated that "[i]t was simply that the bulk of the husband's property was acquired prior to this marriage," but then contradicted itself with the statement, "I don't want to hold that simply because property was acquired before marriage [it] is not necessar[ily] distributable to the parties at the end of the marriage* * *."

The trial court's statements that "the bulk of the husband's property was acquired prior to the marriage," and that the husband also "used his financial resources to purchase property in California indicates that the trial court placed undue emphasis on the fact that it was separate property, excluding the consideration of the other factors stated in Sec. 324-37. The fact that it was separate property or labeled as such is relevant but not determinative. Under Sec. 324-37, the division and distribution of all property, including separate property, must be just and equitable. Of course, we do not conclude that separate property must be divided and distributed in every divorce case. We simply hold that Sec. 324-37 specifies many factors to be considered in determining what distribution is just and equitable, and that undue emphasis on a particular factor is an abuse of discretion.

To aid the trial court in remand, we set out the factors that should be considered in connection with Sec. 324-37:

1. The Respective Merits of the Parties.

A proper determination of the respective merits of the parties in relation to their claims to the property includes the consideration of a spouse's contribution to, or assistance in the accumulation or preservation of, the separate property of the other. In *Richards* v. *Richards*, 44 Haw. 491, 512-13, 355 P.2d 188, 200, we recognized the concept that a wife may, by her efforts, as well as by her contribution of separate property, help to preserve her husband's separate property.[1] In that case, however, the court found that the wife did not adduce evidence of contribution to the husband's separate property.

In the instant case, there is uncontradicted testimony that the wife aided in the accumulation and preservation of the husband's wealth. For example, the wife made her own dresses; purchased and refinished second-hand furniture to furnish their apartment in Washington, D. C.; participated significantly in a social role in aiding the husband in his employment in Washington; and devoted full time without compensation for about three and a half years at a "family business" distributing cosmetics, drugs and jewelry. When the business was later sold, the wife did not receive any of the proceeds as part of her separate property. She made no determined or systematic effort to accumulate property in her own name and thus to protect herself in the event of a divorce. Although profits of the business and the proceeds of its sale were spent by the husband and wife during the marriage, it still remains that the husband's separate property was thereby less burdened with living expenses during the marriage.

To require a wife to present in every case evidence that she brought money or property to the marriage as a condition precedent to participating in a distribution of her husband's

---

[1]The above concept is also evident in proverbs quoted in *Bulgo* v. *Bulgo*, 41 Haw. 578, 587:

"* * * the people of all nations have given general recognition, as shown by the various proverbs, that is, that each spouse as a member of the community equally contributes to its prosperity, particularly its savings and gains. We find this expressed in the English proverb, 'Husbands can earn but only wives can save'; or, as the Scotch express the same idea, 'Nae man can thrive unless his wife will let him' * * *."

separate property would defeat the purpose of Sec. 324-37. There is no evidence here that the wife dissipated the husband's assets.

## 2. The Ability of the Husband.

At the date of divorce, the bulk of the husband's separate property consisted of securities and real property located in Honolulu, valued at approximately $200,000 and real property located in Sacramento, California valued at $50,000.

As pointed out in *Richards* v. *Richards, supra* at 512, there are alternatives to distribution of a particular item of property. "We think that R.L.H. 1955, Sec. 324-37, empowers the judge to make a cash award in lieu of division of property in kind where a spouse establishes a meritorious claim but specific division is either impractical or does not bring about a fair and equitable result."

## 3. The Condition in Which the Parties Will be Left by the Divorce.

In relation to a similar statutory provision as that in Sec. 324-37, the court in *Van Klefans* v. *Van Klefans,* 150 Wash. 685, 274 P. 708, 709, stated that "[a]lthough there are no children of the marriage, the condition in which the parties will be left is to be considered, the needs of the wife being of the most importance." The trial court should consider the wife's age at the time of divorce, her limited employment opportunities and prospects for remarriage, and the fact that she had no separate property having more than a nominal value. The trial court should also consider that the wife was receiving medical treatment for an internal problem, was experiencing difficulties with her eyes and chest, and was suffering from nervousness, lack of stamina and loss of self-confidence.

On the other hand, the husband was not in impecunious circumstances and was receiving about $20,000 in salary and $10,000 from other sources, not including net income, if any, from his Honolulu real property.

### 4. All Other Circumstances of the Case.

It is evident that the provision "all other circumstances of the case" was meant to include all other matters which would have a bearing on the division and distribution of property. All factors previously expressly enumerated in Sec. 324-37 are not exhaustive. *Kraus* v. *Kraus*, _____ Colo. _____, 411 P.2d 240, sets forth the following factors which should be considered: the value of the estate to be divided; the ability of each spouse to earn money; how the property was acquired; and the age and status of the parties. In the instant case, the marriage was normal and happy; it was not mercenary[2] and for the wife, was not a marriage of convenience. The parties first met in May, 1952, and in 1954, as the husband described it, the wife moved into the downstairs apartment of his house. The parties were married in December, 1957. Signs of trouble in the marriage began to appear in the spring of 1964. They were finally divorced in January, 1966.

It is difficult to determine what prompted the trial court to denominate the marriage as being a "fairly short marriage." It is noted, of course, that the duration of the marriage, whether long or short, is not significant in itself unless it is considered in relation to whether the marriage was a happy one. We are of the opinion that six and a half years of happy marriage is sufficiently long to be considered in favor of the wife. To conclude that a year and a half of unhappy marriage outbalanced and summarily wiped out the good and happy years, we think is inequitable and unfair.

We conclude that the trial court abused its discretion in not fully and properly considering the provisions of Sec. 324-37 in reaching its decision concerning the division and distribution of property.

### ATTORNEY'S FEES ON APPEAL

In *Gomes* v. *Gomes*, 25 Haw. 793, (overruled on another point by *Otani* v. *Otani*, 30 Haw. 61), the court stated the

---

[2] In *Weidert* v. *Weidert*, 106 Wash. 410, 180 P. 135, which was a mercenary marriage, the wife contributed nothing but was awarded $5,000 out of $25,000 worth of property plus attorney's fees.

rationale for requiring husband to advance counsel fees to his wife upon appeal as follows:

> "Counsel is as necessary on appeal as in the earlier stages of the litigation and if the wife can have no allowance to enable her to employ counsel to represent her in resisting the husband's appeal she may be deprived of the right to appear on an equality with her husband."

Allowance of attorney's fees to prosecute an appeal is within the trial court's discretion. The trial court must consider the financial condition of the wife and husband. Considering the wife's situation discussed above, we find that the trial court erred in denying any attorney's fees for her appeal.

That portion of the Decree of Divorce entered January 13, 1966, pertaining to the division and distribution of property between the husband and wife is reversed, and the case is remanded for further proceedings in conformity with this opinion.

In determining reasonable attorney's fees, the trial court should consider the fees allowed in the trial court as well as the value of the services rendered in connection with this appeal and in connection with further proceedings herein ordered.

*James G. Jung, Jr. (Greenstein & Cowan* of counsel) for libellant, cross-libellee, appellant.

*Katsuro Miho* and *William H. Dodd, Jr. (Fong, Miho, Choy and Robinson* of counsel), for libellee, cross-libellant, appellee.