EVA CORREA AHLO, Plaintiff-Appellant, Cross-Appellee, *v*. HAMILTON McCUBBIN AHLO, Defendant-Appellee, Cross-Appellant

NO. 6605

NOVEMBER 3, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY BURNS, J.

In this divorce case, plaintiff-appellant, cross-appellee (Wife) claims the lower court erred in dividing property and in various other respects. Defendant-appellee, cross-appellant (Husband) claims the lower court erred in granting Wife's motion for extension of time to file appeal and in awarding alimony to Wife. For the reasons stated herein, we affirm.

The parties were married on July 2, 1949. Wife filed a complaint for divorce on January 19, 1976. At the time of the entry of the Decree of Absolute Divorce on January 13, 1977, Husband and Wife were both 51 years of age. They had a 23-year-old son in graduate school, a 21-year-old son in his junior year at college and a married 20-year-old daughter.

I.

The lower court's Decree of Absolute Divorce was entered on January 13, 1977.[1] Approximately 48 days later, on March

---

[1] Hawaii Family Court Rules did not become effective until February 15, 1977. Until that time, the family court judge was not required to enter findings of fact and conclusions of law and none were requested or entered in this case.

2, 1977, Wife filed a motion for extension of time to file appeal.

Hawaii Family Court Rules (HFCR), rule 73(a), provides in relevant part:

> How and When Taken. An appeal permitted by law from a family court to the supreme court shall be taken by filing a notice of appeal with the family court within 30 days from the entry of the decree appealed from, except that: (1) upon a showing of excusable neglect the family court in any action may extend the time for filing the notice of appeal not exceeding 30 days from the expiration of the original time herein prescribed; . . .

Husband contends that the application for extension must be made within the first 30 days. Wife contends that it may be made at any time within 60 days. The lower court agreed with the Wife. So do we. *See C-Thru Products, Inc. v. Uniflex, Inc.*, 397 F.2d 952, 954-955 (2d Cir. 1968) and 9 MOORE'S FEDERAL PRACTICE ¶ 204.13 [2] (2d. ed. 1980).

## II.

The lower court rendered its oral decision in this case on November 9, 1976. On February 15, 1977 Wife filed a "Motion for Relief From Decree" and cited HFCR, rule 60, as its basis. The motion was accompanied by a 15-page memorandum. The content of the motion and the memorandum compels the conclusion that it was really a motion for reconsideration or rehearing under HFCR, rule 59(b), but that it was filed under rule 60 because the time for filing under rule 59(b) had expired. HFCR, rule 59(d)(1). We therefore construe the motion to be made under HFCR, rules 60(b)(1), (2) and (6). On March 1, 1977 the lower court entered an order denying the motion. Wife contends that it was error for the court to deny the motion without a hearing. We hold that the lower court is not required to hold a hearing to decide whether or not to grant relief under rule 60 and that it may rule on the basis of the papers submitted.

One of Wife's many requests in her motion for relief was a request that the case be reopened to allow the Wife to obtain

and place in evidence an appraisal of the residence which was awarded to the Husband. The only reason given for this request was that it was "necessary to arrive at an equitable distribution". If Wife wanted such evidence in the record, she should have presented it at trial. Such evidence may be helpful but it is not necessary. The testimony which both parties gave as to the value of the residence was sufficient to allow the lower court to determine its value.

### III.

Wife contends that the lower court erred in failing to provide for the support, maintenance and education of the parties' children. We disagree. Hawaii Revised Statutes (HRS) § 580-47 allows the court in a divorce case to make provision for the support, maintenance and education of adult children. At no time prior to or during trial did either party ask the court to enter an order requiring either party to provide financial assistance to any of the three adult children. Moreover, there was no showing whatsoever of a need on the part of any of the three adult children for financial assistance. Wife is claiming that the lower court erred in failing to do something which neither party asked the court to do and which is not justified by the existing record.

### IV.

Husband contends that the lower court erred in awarding Wife alimony. We disagree. The Decree of Absolute Divorce required Husband to pay Wife alimony in the amount of $250.00 per month for a period of two years commencing December 1976. The record indicates that at the time of divorce Wife was earning a gross of $1,587.00 per month and Husband was earning a gross of $3,651.00 per month. The record also indicates that Wife's monthly expenses exceeded her income by more than $250.00 per month. The record supports the lower court's decision concerning alimony.

## V.

Wife contends that the court erred in denying her request for an interest in Husband's insurance policies. We disagree. The lower court did take the net cash value of the insurance policies into account in dividing property. Wife wants to be a beneficiary so that in the event of Husband's death she will derive the benefits. For obvious reasons we do not encourage the placement of one former spouse in a position to realize such benefits from the death of the other former spouse. Consequently, we find no error in the lower court's denial of Wife's request.

## VI.

Wife contends that the lower court erred in its division of property. We disagree.

At the trial there was no essential disagreement about which assets should be awarded to one or the other party. The dispute concerned Wife's request that Husband be ordered to pay her $40,000.00 in cash. The lower court rejected Wife's request and did not require Husband to pay Wife any cash.

The difference between the Wife's position and the lower court's decision concerns four items.

### DISPUTED ITEM ONE

Wife was employed by the State of Hawaii. As of October 31, 1976, she was credited with 18 years 2 months service. Her contributions to her retirement fund amounted to $17,000.00. Her pension rights were vested but not mature. If she terminated her employment on October 31, 1976, she was entitled to receive her $17,000.00 contributions in cash or she could elect not to withdraw her contributions and at age 55, on November 17, 1981, she would be entitled to $5,847.00 per annum for life. If she continued working until age 55, she could then retire and receive $8,289.00 per annum for life. The evidence indicates that Wife's life expectancy at age 55

would be 14.5 years. Wife contends the value of her retirement was only $17,000.00. Husband contends that it was worth $5,847.00 x 14.5 or $84,781.00. Obviously its value was actually somewhere between $17,000.00 and $84,781.00. We do not know what value the lower court placed on this asset but it was certainly entitled to value it in excess of $17,000.00, as it apparently did.

### DISPUTED ITEM TWO

On February 2, 1976, after Wife filed her complaint for divorce and without Husband's knowledge or consent, Wife irrevocably transferred $25,000.00 in cash in equal one-third (1/3) portions to each of the parties' three adult children. She went so far as to pay gift taxes on the transfers. In its oral decision the lower court judge stated that "this amount should be credited to her in the over-all division of the marital assets". Wife contends that the lower court erred in not construing these transfers as gifts for the education of the children. We do not have to decide whether or not the lower court could have ruled as requested by Wife because it did not. We hold that it was not error for the lower court to rule as it did and to decline to rule as requested by Wife. We think the lower court's action is an appropriate method of responding to Wife's unilateral reduction of the estate of the parties.

### DISPUTED ITEM THREE

Upon their marriage Wife's father gave a residence to Husband and Wife as tenants by the entirety free and clear of financial encumbrances. The record does not establish the value of the gift when it was made. Since the property came from her father, Wife contends she should be allowed some advantage in the division of property because this asset came into the marriage from her father and not from the efforts of the parties. Obviously the source of an asset is one of the "circumstances of the case" referred to in HRS § 580-47. In this situation, since the gift was to Husband and Wife equally,

there would be no error if the lower court declined to give Wife any advantage.

### DISPUTED ITEM FOUR

In the mid-1960's Wife's father died and she received a cash inheritance of approximately $11,200.00. This money was used in the purchase of real estate which was later sold for cash which was on deposit in Wife's name at the time she filed her complaint in this matter. Wife contends she could be allowed some advantage in the division of property because this cash came into the marriage from her father and not from the efforts of the parties. Again, this fact is one of the "circumstances of the case" referred to in HRS § 580-47. How much advantage, if any, the lower court may give to such a circumstance depends on all of the considerations which HRS § 580-47 requires it to give. Undue emphasis on a particular factor is an abuse of discretion. *Carson v. Carson*, 50 Haw. 182, 436 P.2d 7 (1967).

### VII.

Obviously the parties are unhappy with the lower court's decision. There is nothing unusual about that. The fact that a court's decision is disliked by the parties is not a ground for reversal on appellate review. The decision of a family court judge in a domestic relations case will be set aside only where there has been a manifest abuse of the judge's wide discretion in such matters. *Fujikane v. Fujikane*, 61 Haw. 352, 604 P.2d 43 (1979), *Au-Hoy v. Au-Hoy*, 60 Haw. 354, 590 P.2d 80 (1979). Our review of the record indicates no such abuse of discretion.

Affirmed.

*Rai Saint Chu* for plaintiff-appellant, cross-appellee.

*Clinton K. L. Ching* (with him on the briefs *Naomi Sakamoto; Damon, Shigekane, Key & Char*) for defendant-appellee, cross-appellant.