BARBARA JEAN DE MELLO, Plaintiff-Appellant, *v.* EARL DE MELLO, Defendant-Appellee

NO. 7809

(FC-D NO. 7441)

JUNE 9, 1982

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE CHUN
ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY BURNS, C.J.

Plaintiff Barbara Jean De Mello (Barbara) appeals the lower court's refusal to award her one-half of defendant Earl De Mello's (Earl) workers' compensation benefits, its refusal to award her spousal support and attorney's fees and costs at the trial level, and its award of only $250 for costs and fees on appeal. We affirm.

Barbara and Earl were married on April 29, 1961. They had four children: Earl, born May 13, 1962; Derrick, born August 27, 1964; Cheryl, born December 27, 1968; and Christy, born December 28, 1974.

On October 29, 1970, while at work, Earl suffered a myocardial infarction (heart attack). He suffered a second one on February 8, 1975.

On September 19, 1975, Barbara sued Earl for a divorce. On January 9, 1976, the Third Circuit Family Court held a hearing on the uncontested calendar which both parties and their attorneys attended. The court orally granted the divorce to Barbara and stated the apparently agreed-to terms thereof on the record.

On February 4, 1976, Earl filed a claim for workers' compensation based on the myocardial infarction suffered on October 29, 1970.

On February 17, 1976, the court filed a decree granting absolute divorce and awarding child custody which, *inter alia*, awarded custody of the children to Barbara and required Earl to pay unsegregated child and spousal support of $538 per month commencing January 1976; required Earl to provide medical and dental insurance coverage for the minor children "to the maximum amounts available to him through his employment" and to pay the uninsured portion "to a maximum of $400.00 per year"; awarded Barbara the 1970 Chevrolet and the household furnishings and appliances; awarded Earl the 1964 Rambler; awarded Earl and Barbara each one-half of the savings accounts, the savings bonds, and the $1,000 federal income tax refund; awarded each one-half of the residence but gave Barbara exclusive use and occupancy of it until all of the children reached 18 at which time it was to be sold and the proceeds equally divided between the parties; and required each party to pay his or her own costs and fees. The decree scheduled the issues of child support, children's tuition, spousal support, and mortgage payment for "further hearing and review by this Court before the end of May, 1976."

On May 28, 1976, Barbara and Earl stipulated on the record that effective June 1, 1976, Earl was obligated to pay child support of $50 per month per child and pay $150 on the monthly mortgage payments on the jointly owned residence; that the residence would be sold when the last child reached 21 years of age or left the residence

or terminated full-time education, whichever came first; that Earl was required to pay the children's tuitions at St. Joseph's School; and that "[t]he matter of alimony will be left in abeyance."

As of June 1976 Barbara was receiving financial assistance from Hawaii's Department of Social Services and Housing (DSSH).

On April 26, 1977, in response to the County Corporation Counsel's order to show cause, Earl's monthly support obligation was amended, and he was required to pay $133 for the house mortgage and $167 to DSSH. DSSH agreed to cover all of the children's uninsured medical expenses.

Earl remarried on November 7, 1977.

On December 2, 1977, Earl received a lump sum settlement of $20,000 for his February 8, 1975, myocardial infarction. On April 19, 1978, for his October 29, 1970, myocardial infarction Earl was awarded $7,820.36 for weekly benefits, $5,500 for lump sum disfigurement, $100 reimbursement for mileage, and $3,634.70 reimbursement for out-of- pocket expenses.

On December 29, 1978, in response to Corporation Counsel's November 17, 1978, order to show cause (in which Earl's workers' compensation awards are mentioned), the prior order was continued and Earl was additionally ordered to pay the children's tuitions, fees, and books at St. Joseph's School.

On March 12, 1979, Barbara filed an order to show cause asking for spousal support and for an advance of attorney's fees and costs. On April 12, 1979, Barbara filed an amended order to show cause adding a request for one-half of Earl's workers' compensation benefits. Her memos in support of the motion asserted only one basis for her request: That she was entitled to one-half of the awards because the divorce decree did not dispose of them.

On August 6, 1979, the court filed a decision in which it denied Barbara's claim to one-half of Earl's workers' compensation benefits for the following reasons:

1.  The decree is final and cannot be amended because Barbara has not satisfied Rule 59(g)'s, Hawaii Family Court Rules (HFCR) (1977), requirement that "[a] motion to alter or amend the decree or decision and order shall be filed not later than 10 days after entry of the decree or decision and order."

2.  Barbara has not moved for relief from the decree under Rule 60(b), HFCR (1977).

3. If Barbara had moved under Rule 60(b), HFCR (1977), for relief from the decree, the motion was untimely because it was not made within a reasonable time as required by Rule 60(b), HFCR (1977).

On October 4, 1979, the court filed a decision in which it (1) denied Barbara any spousal support, (2) denied Barbara any attorney's fees, costs, and expenses, and (3) ordered Earl to pay Barbara's attorney's fees, costs, and expenses on appeal "in an amount not exceeding $250.00."

I.

Barbara contends that it was error for the trial court not to equally divide the workers' compensation settlements "since property of the parties not disposed of by a decree granting absolute divorce and awarding child custody vests equally in the parties as tenants in common·by operation of law." Barbara's contention is correct only if at the time of the divorce the workers' compensation entitlements were jointly owned by Earl and Barbara. *Jendrusch v. Jendrusch,* 1 Haw. App. 605, 623 P.2d 893 (1981); *Vaughan v. Williamson,* 1 Haw. App. 496, 621 P.2d 387 (1980). Here, however, those entitlements were Earl's, not Earl and Barbara's. Since the decree of divorce did not as a matter of fact or law change Earl's ownership, Earl continues to have sole title to those entitlements.

Consequently, the real issue is whether after the decree of divorce was filed, the lower court retained any jurisdiction to change Earl's sole ownership. In our view, Hawaii Revised Statutes (HRS) § 580-56(a) (1976) and Rule 59, HFCR (1977), compel the conclusion that on and after the eleventh day after the Third Circuit Family Court issued its divorce decree without reserving jurisdiction over property, it no longer had jurisdiction to divide and distribute Earl's property. *Jendrusch, supra; Vaughan, supra.*

The lower court had jurisdiction to entertain a motion for relief from decree or order under Rule 60(b), HFCR (1977), but Barbara did not make such a motion, choosing instead to rely solely on her erroneous assertion that the family court retained jurisdiction under HRS § 580-47 (1976, as amended) to award her one-half of the entitlement. Rule 60(b), HFCR (1977), specifically requires a "motion." Since Barbara did not satisfy that requirement, she may not on

appeal complain of the failure to award her relief under Rule 60(b), HFCR (1977). Moreover, even if Barbara had made a "motion," the standard of review of a trial court's denial of a motion under Rule 60(b), HFCR (1977), is whether there has been an abuse of discretion, 11 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE: *Civil* § 2857 (1973), and we find no such abuse here.

## II.

Barbara contends that the trial court erred in denying her an award of spousal support and attorney's fees and costs at the trial level and in awarding her only $250 for costs and fees on appeal. The standard of appellate review of each of these issues is whether there has been a manifest abuse of the trial judge's wide discretion in such matters. *Carson v. Carson*, 50 Haw. 182, 436 P.2d 7 (1967); *Horst v. Horst*, 1 Haw. App. 617, 623 P.2d 1265 (1981); *Ahlo v. Ahlo*, 1 Haw. App. 324, 619 P.2d 112 (1980).

In making its decision, the lower court properly examined each issue under the relevant portions of HRS § 580-47 (1976, as amended) and decided, *inter alia,* on the basis of substantial evidence that Barbara "has failed to use her talents in income producing endeavors or to prepare herself to do so and that she has in fact malingered"; that "she has apparently been content with receiving State assistance"; that "[n]early half of [Earl's] moderate income is committed to support expenses for four minor children"; and that an order of spousal support would "probably cause an invasion of his capital. . . ."

Consequently, we find no abuse of discretion here either.

Affirmed.

*Lionel D. Meyer (Nakasato & Meyer* of counsel) on the briefs for plaintiff-appellant.

*Andrew P. Wilson* on the briefs for defendant-appellee.