**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000366**
**18-APR-2022**
**09:16 AM**
**Dkt. 55 SO**

NO. CAAP-21-0000366


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DD, Plaintiff-Appellant, v.
GD, Defendant-Appellee.


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 09-1-0399)


SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

Self-represented Plaintiff-Appellant DD (**Father**) appeals from the Family Court of the Second Circuit's[1] (**Family Court**) July 30, 2021 Findings of Fact, Conclusions of Law, and Orders Denying Father's Motions (**7/30/2021 FOF/COL/Order**).[2]

Father and Defendant-Appellee GD (**Mother**) were married in 1996, had one child (**Child**) in 2005, and were divorced in 2010. The parties shared joint legal and physical custody of Child. In 2014, the Child Welfare Services (**CWS**) petitioned for family supervision, alleging inappropriate sexual conduct by

---

[1] The Honorable Douglas J. Sameshima presided.

[2] Father initiated this appeal by filing a "Motion for Appeal and Reconsideration of the Facts Involved for Meaningful Contact and Reasonable Visitation" on June 14, 2021. Because the Family Court issued its 7/30/21 FOF/COL/Order after Father filed his appeal, we construe his appeal to include the 7/30/21 FOF/COL/Order. Ueoka v. Szymanski, 107 Hawaiʻi 386, 396, 114 P.3d 892, 902 (2005) ("An appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case.") (citation and internal quotation marks omitted).

Father against Child.  In 2015, Mother moved for post-decree relief requesting an order for sole legal and physical custody of Child and prohibiting Father from contacting Child unless recommended by Child's therapist.  The Family Court granted Mother's requests.

Over five years later, Father filed numerous motions on August 4, 2020, January 25, 2021, June 14, 2021, and June 28, 2021, seeking meaningful contact with Child, which were denied. On appeal, Father contends that the Family Court did not provide him "a chance to be heard to call witnesses or to present relevant evidence" at the March 23, 2021 evidentiary hearing in support of his motions, particularly his Motion for Meaningful Contact Visitation filed on August 4, 2020 (**First Motion for Meaningful Contact**).  Father's points of error are as follows:[3]

> 1.  "Whether the family court in denying Plaintiff(s) motion for meaningful contact with child without hearing the newly discovered relevant evidence and hearing the testimonial [sic] of the ten witnesses by phone the opportunity to be heard . . . ."; and
>
> 2.  "Whether the relevant evidence which by due diligence could not have been discovered in time to move for a new trial (on May 27,

---

[3]  Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 1(d) provides in part that "[a]ttorneys and pro se parties are deemed to be aware of, and are expected to comply with, all of the provisions of these rules."  Father's opening brief, however, does not comply with HRAP Rule 28(b), and his arguments are addressed "to the extent they can reasonably be discerned" to promote equal access to justice for pro se litigants. <u>Wagner v. World Botanical Gardens, Inc.</u>, 126 Hawaiʻi 190, 193, 268 P.3d 443, 446 (App. 2011).

2015) under Rule 59(b).  Rule 60(b)(2)

showing a judgment has been satisfied . . . ,

Rule 60(b)(5) now support Plaintiff(s) motion

for meaningful contact with minor child[.]"

Father, however, has not provided the necessary record for this Court to review his contentions on appeal.  Without the relevant transcript of the March 23, 2021 hearing, this Court is left with an incomplete record of what transpired.  See HRAP Rule 10(b)(1)(A) and (b)(3); State v. Hoang, 93 Hawaiʻi 333, 336 3 P.3d 499, 502 (2000) (holding that defendant's failure to include arraignment transcript in record precluded review of claimed error); Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) (explaining that the "burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript") (cleaned up).  We nonetheless attempt to address Father's issues to the extent possible.

Upon careful review of the record and the brief submitted by Father, and having given due consideration to the arguments advanced and the issues raised on appeal by Father,[4] we resolve those issues as follows and affirm.

## 1.   **Father Was Afforded An Opportunity To Be Heard**.

Father argues that the Family Court denied his "motion for meaningful contact with child without hearing the newly discovered relevant evidence and hearing the testimonial [sic] of

---

[4]  Mother did not file an answering brief pursuant to HRAP Rule 28(c). Therefore, "our task is to determine whether [Father] has presented prima facie reversible error in his brief." Jack v. Jack, 134 Hawaiʻi 477, 344 P.3d 361, No. CAAP-12-0000044, 2015 WL 836925 at *1 (App. Feb. 26, 2015) (SDO) (citation omitted).

the ten witnesses by phone." As a result, Father argues he was denied the right "to be heard." With an incomplete record, however, Father has not shown how this error was preserved. Nevertheless, based on the Family Court's 7/30/21 FOF/COL/Order, it appears that Father was afforded an opportunity to be heard at a meaningful time and in a meaningful manner. Doe v. Doe, 120 Hawai'i 149, 168, 202 P.3d 610, 629 (App. 2009) ("At its core, procedural due process of law requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner before governmental deprivation of a significant liberty interest.") (citation and internal quotation marks omitted).

Father's First Motion for Meaningful Contact was heard on March 23, 2021, where Father appeared by video and Mother appeared in person. At the evidentiary, contested hearing, the Family Court received Father's exhibits into evidence, took judicial notice of pertinent case files, and heard from Mother and Father.

Given that an evidentiary hearing was held on Father's First Motion for Meaningful Contact, and Father appeared, argued, and submitted evidence in support of his motion, Father was afforded an opportunity to be heard at a meaningful time and in a meaningful manner. Sandy Beach Def. Fund v. City Council of City & Cnty. of Honolulu, 70 Haw. 361, 378, 773 P.2d 250, 261 (1989) ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands.") (citation and internal quotation marks omitted); In re Doe, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001) ("[A]n appellate court will not pass upon issues dependent upon the credibility of witnesses and the

4

weight of the evidence; this is the province of the trier of fact.") (citation and internal quotation marks omitted).

Again, without the transcript of the March 23, 2021 hearing, this Court is unable to determine why Father's witnesses were not allowed to testify. Further, Father has not established in the record that he had inadequate time at the hearing, whether the witnesses were available in person or by video to testify at the hearing as ordered by the court, or if his witnesses' testimonies were relevant to his request for meaningful contact with Child. "Because we cannot verify the alleged error from the record in this case, and we will not presume error based upon a silent record, the presumption that the trial court acted without error must prevail." Hoang, 93 Hawaiʻi at 336, 3 P.3d at 502; see also Hawaii Rules of Evidence Rule 611 (providing that the "court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence . . .").

**2.    Father Did Not Meet His Burden Of Providing Newly Discovered Evidence.**

It appears Father's second contention is that the Family Court erred by denying his "Motion for Appeal and Reconsideration" because he had "newly discovered relevant evidence which by due diligence could not have been discovered in time to move for a new trial . . . and could not have been brought to the attention of the courts until this first opportunity" pursuant to Hawaiʻi Family Court Rules (**HFCR**) Rules 59 and 60(b).[5]

---

[5]    HFCR Rule 59 provides, in pertinent part:

> (a) Grounds.  A new trial may be granted to all or any of the parties and on all or part of the issues for good
>                                                    (continued...)

Here, the record shows that on June 14, 2021, Father

---

[5](...continued)
cause shown.  On a motion for a new trial, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law, or make new findings and conclusions, and direct the entry of a new judgment.

(b) Time for motion.  A motion for a new trial shall be filed *not later than 10 days after the entry of the judgment unless otherwise provided by statute*.

. . . .

(e) Motion to reconsider, alter or amend a judgment or order.  Except as otherwise provided by [Hawaii Revised Statutes (**HRS**)] section 571-54 regarding motions for reconsideration in proceedings based upon HRS sections 571-11(1), (2), or (6), a motion to reconsider, alter or amend a judgment or order is not required but may be filed *no later than 10 days after entry of the judgment or order* and shall be a non-hearing motion, except that the court in its discretion may set any matter for hearing.

(Emphases added.)

And pursuant to HFCR Rule 60(b):

(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud.  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from any or all of the provisions of a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) of these rules or to reconsider, alter, or amend under Rule 59(e);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

*The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken*. . . . A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

(Emphasis added.)

6

filed a "Motion for Appeal and Reconsideration" with numerous other motions on the same document. And on June 28, 2021, Father filed a second "Motion for Appeal and Reconsideration" with numerous other motions on the same document. In both motions, Father's arguments and attached exhibits were identical, and nearly all, except one, of the exhibits were previously submitted for the March 23, 2021 evidentiary hearing. The new exhibit was a hand-written letter, dated February 24, 2021, stating Father should have contact with Child because he is a good father and misses her.

In its 7/30/21 FOF/COL/Order, the Family Court determined that in addition to Father's motions failing to cite to HFCR Rules 59 and/or 60, Father did not bring to the Family Court's attention "any new evidence or arguments which could not have been presented at the March 23, 2021" hearing, and Father's motions were untimely filed pursuant to HFCR Rules 59(e) and 60(b)(2) and (b)(5). The Family Court thus concluded that Father did not meet his burden of presenting newly discovered evidence that justified setting aside the Family Court's prior order(s). See Sousaris v. Miller, 92 Hawaiʻi 505, 513, 993 P.2d 539, 547 (2000) ("Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding.") (citations omitted); De Mello v. De Mello, 3 Haw. App. 165, 168, 646 P.2d 409, 411-12 (1982) (explaining that the family court has wide discretion whether to grant or deny a motion brought under HFCR Rule 60(b)).

7

Based on the record provided, Father has not shown how the Family Court's findings of fact or mixed findings of fact and conclusions of law in its 7/30/21 FOF/COL/Order were clearly erroneous.  Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007) (citations omitted).

## CONCLUSION

For the foregoing reasons, we affirm the Family Court's July 30, 2021 Findings of Fact, Conclusions of Law, and Orders Denying Father's Motions.

DATED:  Honolulu, Hawaiʻi, April 18, 2022.

On the briefs,      /s/ Clyde J. Wadsworth
           Presiding Judge
DD,
Plaintiff-Appellant, pro se. /s/ Karen T. Nakasone
           Associate Judge

           /s/ Sonja M.P. McCullen
           Associate Judge