GLENN I. WAKAYAMA, Plaintiff-Appellee, *v.* JANE M. WAKAYAMA, Defendant-Appellant

NO. 8981

(FC-D NO. 8279)

DECEMBER 22, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

In this divorce case the issue is whether the lower court manifestly abused its wide discretion when it awarded to plaintiff-appellee Glenn I. Wakayama (Husband) the residence jointly owned by him and defendant-appellant Jane ·M. Wakayama (Wife). We answer yes and reverse and remand for a new trial solely to decide the disposition of the residence.

The parties were married on August 17, 1971. Soon thereafter they purchased a vacant lot at 2922 Iolani Street, Pukalani, Maui, for $31,000. An unchallenged finding of fact states that the down payment was $12,000, of which "$12,000 [sic] came from wedding presents" and "$2,000 was a gift from [Wife's] mother."

Husband, who is a carpenter, built a house on the lot with assistance from his relatives and friends. The parties borrowed $40,000 from Wife's mother and from it applied $36,000 to pay for the cost of materials used in the construction of the house and $4,000 to pay for electrical and plumbing work.

Upon completion of the house, the parties obtained a $59,000 bank mortgage loan which they used to extinguish the debts due on the lot and to Wife's mother.

The parties first son was born in July 1975. Their second was born in July 1979.

Wife left the marital residence in February 1980. The children remained with Husband but generally spent the weekends with Wife. Neither Husband nor Wife provided financial assistance to the other during the separation and neither was requested or ordered to do so.

The parties agreed as to the distribution of their vehicles, personal property, debts, and profit sharing and retirement

accounts. The trial involved only child custody, child support, and title to the residence, subject to the mortgage.

At the time of the divorce, Wife's gross monthly income as a clerk at Long's Drugs was $1,178.66 and Husband's was $1,915.33. In his Asset and Debt Statement dated July 20, 1981, Husband valued the residence at $250,000, subject to a $58,000 mortgage. In her Asset and Debt Statement dated March 31, 1981, Wife valued it at $190,000, subject to the mortgage.

The decree awarded Husband custody of the children and title to the residence. Although the decree did not say so, we assume that Husband was to be solely responsible for the mortgage. Wife was not required to pay any child support to Husband.

An appellate court will not reverse the decision of a family court judge on property division issues unless there has been a manifest abuse of the judge's wide discretion. *Ahlo v. Ahlo,* 1 Haw. App. 324, 619 P.2d 112 (1980). Discretion is abused when the lower court clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant. *State v. Sacoco,* 45 Haw. 288, 367 P.2d 11, (1961).

The source of an asset is one of the "circumstances of the case" referred to in Hawaii Revised Statutes (HRS) § 580-47. *Ahlo v..Ahlo,* 1 Haw. App. 324, 619 P.2d 112 (1980). In *Takara v. Takara,* 4 Haw. App. 68, ___, 660 P.2d 529, 532 (1983), we stated, "As a general rule, it is equitable to award each party one-half of the net value of property jointly owned at the time of the divorce." In this instance the lower court awarded 100% to Husband and 0% to Wife. In our view there is no justification in the record for such an extreme deviation from the general rule. Consequently, we hold that the family court manifestly abused its wide discretion when it awarded the residence to Husband.

Husband contends that the residence is mostly his because he and his relatives and friends built it and he paid all of the monthly mortgage payments due on it from his wages. Husband fails to recognize that during marriage a spouse's wages and the products of a spouse's personal efforts are marital assets, not separate assets. Moreover, a contribution by a third

party to the value of an asset jointly owned by Husband and Wife is a gift to both unless expressly specified otherwise. *Cf. Darwish v. Darwish,* 100 Mich. App. 758, 300 N.W.2d 399 (1980).

Husband further contends that it was within the family court's discretion to award him the residence in satisfaction of Wife's duty to pay him past, present, and future child support. In the lower court Husband's counsel stated it more bluntly: "She left and he stayed home and he took the responsibility. Now, there should be some recompense for his assuming this responsibility, for his staying with the role of a dutiful parent." There are several reasons why Husband's contention is meritless. First, the lower court is powerless to free Wife from the possibility of being required to pay child support in the future. Section 58-47(c), HRS, provides that "no order" that "provides for the support . . . of the children . . . shall impair the power of the court . . . to revise its orders providing for the support . . . of the children[.]" *See Macario v. Macario,* 30 Haw. 652; 24 Am. Jur. 2d *Divorce and Separation* § 829 (1966). Second, the family court never decided that Wife should pay child support to Husband, thus she owes him none. Third, as a general rule, it is an abuse of discretion for the family court to require one parent, without his or her consent, to transfer to the other parent his or her title to an asset in lieu of his or her obligation to pay prospective child support to the other parent. Absent special circumstances, the payor should be allowed to decide the source of such payments.

During the trial of the custody issue, the trial judge heard evidence of what traditionalists would label as Wife's "fault" as a wife and mother. We stated in *Horst v. Horst,* 1 Haw. App. 617, 624, 623 P.2d 1265, 1270-71 (1981), "Fault pertaining to personal conduct of the spouses toward each other has no bearing on the question as to which spouse has a better claim to the property sought to be divided in a divorce proceeding." (Citation omitted.) We now add, neither does fault pertaining to the conduct of the spouses toward the children.

Although Wife contends that she was erroneously denied the opportunity to elicit expert testimony concerning the custody issue, she did not cite the custody decision as error in her points on appeal. In the absence of an appeal to the custody

decision, any error in the denial of evidence on that issue is harmless. Rule 61, Hawaii Family Court Rules (1977); *Kekua v. Kaiser Foundation Hospital,* 61 Haw. 208, 601 P.2d 364 (1979). Consequently, we do not decide that issue.

Reversed and remanded for a new trial solely to decide the disposition of the residence.

*Guy A. Haywood* (*Richard L. Rost* with him on the briefs) for appellant.

*John T. Vail* for appellee.