949 P.2d 208

**Kim Anna Mae NABARRETE, now known as Anna Mae Heustis, Plaintiff–Appellant,**

v.

**Richard NABARRETE, Defendant–Appellee.**

**No. 18417.**

Intermediate Court of Appeals of Hawai'i.

Nov. 28, 1997.

Richard Nabarrete, on the brief, defendant-appellee pro se.

Before BURNS, C.J., and ACOBA and KIRIMITSU, JJ.

BURNS, Chief Judge.

Plaintiff–Appellant Kim Anna Mae Nabarrete, now known as Anna Mae Heustis[1] (Mother) appeals the August 15, 1994 Order for Post Decree Relief (August 15, 1994 Order) which ordered defendant-appellee Richard Nabarrete (Father) to pay child support. We vacate and remand for further proceedings.

### RELEVANT FACTS

The parties have two children: A son, born on April 28, 1974 (First Son), who attained the age of 18 on April 28, 1992; and another son (Second Son), born on June 7, 1976, who attained the age of 18 on June 7, 1994.

On September 21, 1983, the family court entered its Decree Granting Absolute Divorce and Awarding Child Custody. With respect to the children, it awarded joint legal custody to the parents, physical custody to Father subject to Mother's rights of reasonable visitation, and reserved child support until further order of the court.

When Mother filed her May 10, 1994 Motion and Affidavit for Relief After Order or Decree, both sons were living with Mother, and both were full-time students at the Honolulu Community College. Mother's motion sought an order awarding Mother physical custody of Second Son and requiring Father to pay Mother child support for both sons for so long as they are full-time students.

Based on the incomes of Mother and Father, the amount of child support payable monthly by Father calculated pursuant to the March 15, 1991 Amended Child Support Guidelines (ACSG) was $960 according to Father's counsel or $990 according to Mother's counsel.

In 1993, First Son earned $7,400 and Second Son earned $6,700.

Cheryl R. Brawley, on the brief, Honolulu, for plaintiff-appellant.

1. The September 21, 1983 Divorce Decree Granting Absolute Divorce and Awarding Child Custody authorized Plaintiff to "resume the use of her birth surname and be known hereafter as ANNA MAE HEUSTIS."

The family court orally decided in relevant part as follows:

THE COURT:

\* \* \*

... [Mother's] average grand total of expenses for housing, transportation, debt and personal expenses for her ... including the boys would be one thousand nine hundred forty-five.

Realizing that there needs to be an allocation with respect to housing, utilities, and other expenses, the Court then subtracted what [Mother's] current monthly income is of nine twenty-eight from what I perceived to be the claimed expenses that she is stating to be nineteen forty-five. So, the net amount is a thousand seventeen.

I do not agree ... that ... the actual income attributable to the two children still dependent on the adults for educational help is irrelevant. I do believe it is relevant and I have quantified the amount of two hundred a month per [Second Son] and two hundred a month for [First Son] to be their contributions to the family household budget.

Therefore, I will subtract that from a thousand seventeen, which gives the Court the figure of six hundred seventeen as what I perceive to be the amount that [Father] should be contributing to further the interest and the education of the two children who are still dependent on the parties for support.

Accordingly, while counsel may feel free to appeal this, I believe that the approach used by the Court has attempted to fact— factor in the limited income of [Mother] versus the contributions of the two children to the household. So, it will be six seventeen a month.[2]

(Footnote added.)

The family court ordered Father to pay one-half of the $617 on the 5th and one-half on the 20th of each month commencing August 5, 1994. The August 15, 1994 Order was the written order.

2. The March 15, 1991 Amended Child Support Guidelines states that "[c]hild support amounts

Mother asserts the following two points on appeal: (1) The family court erred in not making the award retroactive to the May 10, 1994 filing date of the motion; and (2) the family court erred in imputing $200 per month of each son's earnings to Mother's income because (a) the imputation was contrary to the philosophy of the ACSG, (b) there is no evidence that the earnings of the sons contributed any amounts to the household, and (c) the amount is wholly arbitrary.

## DISCUSSION

### 1.

██ Mother's motion was filed on May 10, 1994; mailed on May 12, 1994; received by Husband in Charleston, South Carolina, on June 14, 1994; and heard on August 15, 1994. Mother contends that the family court abused its discretion when it ordered Father to commence making payments on August 5, 1994 rather than May 10, 1994. In the absence of any stated or apparent reason for this delayed inception, we agree.

### 2.

The ACSG require the following relevant calculations:

Lines

5/6. *Calculate* each parent's relative ability to pay by dividing each parent's net income available for child support by the total of both parents' net income available for child support. The resulting percentage establishes the burden each parent shall carry with respect to their children's primary support.

\* \* \*

Lines

9/10. Multiply the total primary support need (Line 9) by the non-custodial parent's percentage of the obligation (Line 6). Enter this amount on Line 10.

\* \* \*

shall be rounded to the nearest $10."

*Explanations:*

a. Although both parents have the obligation to provide child support, the custodial parent fulfills his/her obligation with direct support and this generally is not the subject of a court order. For simplicity, therefore, only the non-custodial parent's obligation is determined on the calculation sheet.

\* \* \*

Line 18. Multiply the SOLA net income (Line 16) by the SOLA percentage (Line 17) to calculate the SOLA obligation.

\* \* \*

Line 19. Enter the sum of Lines 10 and 18[.]

These calculations are not based on need. This is because one of the express underlying principles of the ACSG is:

3. Where income is sufficient to cover the basic needs of the parents and all dependents, children shall share in any additional income so that they can benefit from the absent parent's higher standard of living.

■ However, lack of need is an exceptional circumstance · permitting deviation from the ACSG formula. The ACSG states in relevant part as follows:

*Exceptional Circumstances*

The court may order child support which deviates from the Guidelines *only if* exceptional circumstances warrant such deviation, pursuant to HRS Sections 576D–7 and 576E–15. . . .

Although it is impossible to predict all exceptional circumstances that warrant departure, the following examples provide some guidance:

\* \* \*

— A monthly income that would result in a computation higher than the reasonable needs of the children.

In other words, the following underlined language should be added to the ACSG exceptional circumstance quoted above: "A monthly income that would result in a computation higher than the reasonable needs of

the children *based on the relevant standard of living.*"

■ The question presented is whether the net income earned by an adult-student-son/daughter[3] is an exceptional circumstance. This is a question of law. *Tomas v. Tomas,* 7 Haw.App. 345, 349, 764 P.2d 1250, 1253 (1988); *Ching v. Ching,* 7 Haw.App. 221, 226, 751 P.2d 93, 97 (1988). In light of the fact that "[a] monthly income that would result in a computation higher than the reasonable needs of the children" is an ACSG "exceptional circumstance," the answer is that it may be. In other words, a child's income may reduce the reasonable needs of the child.

Various situations are possible, such as, (1) the adult-student-son/daughter attends school during the fall, the spring, and the summer and earns money (a) only during vacations or (b) during the year; or (2) the adult-student-son/daughter attends school during the fall and the spring and earns money (a) during all vacations, (b) only during the summer, or (c) during the year.

At the August 15, 1994 hearing, Father's counsel stated "that both these kids make about six hundred dollars a month in jobs while going to school." In fact, the gross income of First Son was $616.66 per month, and the gross income of Second · Son was $558.33 per month. However, the record does not reveal the net income of each or what each was doing or had done with his net income.

Under the ACSG, the calculation of the Primary Child Support amount results in the determination of each parent's net income available for child support and the percentage establishing the burden each parent shall carry with respect to their children's primary support. The calculation of the Standard of Living Adjustment (SOLA) results in the determination of each parent's SOLA net income, SOLA percentage, and SOLA obligation.

Mother's May 3, 1994 Income and Expense Statement reported that her expenses for

---

**3.** An adult-student-son/daughter is defined as a son or daughter who is under age 23 and attending college or another post-high school edu-

cational institution on a full time basis. *Mack v. Mack,* 7 Haw.App. 171, 180, 749 P.2d 478, 483 (1988).

herself and three children[4] was $1,945 per month. The record does not reveal at what standard of living these expenses were calculated. From that amount, the family court subtracted Mother's net profit of $928 per month. The resulting amount was $1,017. It then subtracted $200 for First Son and $200 for Second son. The resulting amount was $617, and that is the amount the family court ordered Father to pay per month.

Since no rules or guidelines have been published advising the family court how to decide what contribution the payor-parent[5] is legally required to make to the payee-parent[6] for an adult-student-son/daughter who is earning his/her own income, the relevant appellate standard of review is the abuse of discretion standard.

We conclude that the family court's method of determining the total amount due from Father was an abuse of discretion. The record shows that Mother's annual gross income as a self-employed person was $13,200. Her annual net profit was $11,136.07 or $928 per month. Father's annual gross income as a federal employee at Pearl Harbor was $48,940.80 or $4,078.40 per month. In other words, the family court ordered Mother to support herself and her three children[7] with the following amounts per month:

$928 from Mother
$400 from First Son and Second Son
$617 from Father

We conclude that when deciding the issue presented in this case, the family court must proceed as follows:

A. Determine the amount, if any, the family court will require Mother to assess each son to contribute for his own support. When doing so, the family court must recognize that an adult-student-son/daughter may have reasonable expenses in excess of those paid/payable by the payee-parent (with funds supplied by both parents) and may elect to work to obtain the money to pay those expenses. For example, the adult-student-son/daughter may reasonably decide to purchase a computer or computer equipment. We categorize these expenses as "reasonable additional expenses." However, the family court would not abuse its discretion if it required an adult-student-son/daughter who earns a net income in excess of his/her reasonable additional expenses to contribute a reasonable amount toward his/her expenses, thus reducing the amount needed from and payable by both parents.

B. Add the amount of Mother's child support obligation computed in accordance with the ACSG formula, the amount of Father's child support obligation computed in accordance with the ACSG formula, and the amount Mother is required to assess her two sons to contribute for their support, and determine whether this total amount is higher than the total amount of the reasonable needs of the two sons based on the relevant standard of living, including their reasonable educational expenses.

C. If the answer to question B is yes, decide the amount of the excess and reduce the total of Father's child support obligation computed in accordance with the ACSG formula by the amount determined by the following calculation: obtain the percentage of Father's child support obligation computed in accordance with the ACSG formula as against the total of both Father's and Mother's child support obligations computed in accordance with the ACSG formula, and multiply that percentage times the excess.

### CONCLUSION

Accordingly, we vacate the August 15, 1994 Order for Post Decree Relief and remand for further proceedings consistent with this opinion.

---

4. The September 21, 1983 Decree Granting Absolute Divorce and Awarding Child Custody states that the parties have only two children. The record does not reveal anything about a third child.

5. In Hawai'i, the period of minority ceases at age 18. Hawai'i Revised Statutes § 577–1 (1993).

Therefore, the parent with whom a son/daughter of age 18 or more lives with is not the "custodial parent."

6. *See* footnote 5.

7. See footnote No. 4.