**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000546**
**30-SEP-2022**
**07:54 AM**
**Dkt. 92 SO**

NO. CAAP-21-0000546

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CHILD SUPPORT ENFORCEMENT AGENCY, STATE OF HAWAI'I,
Plaintiff-Appellee,
v.
MI, Defendant-Appellant,
and
EB, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1PP191000107)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Nakasone and Chan, JJ.)

Defendant-Appellant MI (**Mother**) appeals from the "Order Following Trial" entered by the Family Court of the First Circuit on September 10, 2021.[1] For the reasons explained below, we affirm.

Mother gave birth to RI (**Child**) in 2016. Child's certificate of live birth did not identify a father. On March 22, 2019, Plaintiff-Appellee Child Support Enforcement Agency (**CSEA**) filed a "Complaint for Establishment of Paternity" against Mother and Defendant-Appellee EB (**Father**). On May 17, 2019, genetic test results were filed showing a 99.99% probability that Father is Child's biological father.

---

[1] The Honorable Courtney N. Naso presided.

Father acknowledged paternity.  A "Judgment of Paternity" establishing Father as Child's natural father was entered on September 12, 2019.  Mother was awarded physical custody of Child.  Father was ordered to pay child support of $600 per month beginning September 2019.  A number of issues, including past child support, were reserved for future determination.

Trial took place over five days during December 2020 and January 2021.  The Order Following Trial was entered on September 10, 2021.  Relevant to this appeal, the family court ruled:

> Child Support.  The Court calculated the past and current child support per the Child Support Guidelines Worksheet ("CSGW"), based on Father's testimony that his income is $36,000/year and Mother's Paternity Financial Information Sheet and testimony that she has had no employment since April, 2020. . . .
>
> (A)    Arrears (May 17, 2019 — March 31, 2020).  The Court finds that Father owes child support arrears beginning May 17, 2019 (i.e., the date the paternity test found father to be natural father)[,] and does not owe any child support from the date of the child's birth [date redacted] through May 16, 2019. . . .  Father shall pay to Mother child support arrears in the sum of $600.00 per month for the period of May 17, 2019[,] thru March 31, 2020 . . . .
>
> (B)    Current (commencing April 1, 2020).  Based on the above, Father shall pay Mother as and for the support and maintenance of the minor child the sum of $600.00 per month commencing April 1, 2020. . . .  All of the foregoing shall be subject to further order of the Court.

Mother filed a timely notice of appeal.  She argues that the family court erred by: **(1)** failing to order that Father pay child support from the date of Child's birth until the date the genetic testing results were filed; and **(2)** improperly calculating the amount of child support owed by Father after the date the genetic testing results were filed.

The family court entered findings of fact and conclusions of law on December 13, 2021.  Findings of fact are reviewed under the "clearly erroneous" standard.  Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006).  A finding

of fact is clearly erroneous when the record lacks substantial evidence to support the finding. Id. Conclusions of law are reviewed de novo, under the right/wrong standard. Id. A conclusion of law that is supported by the trial court's findings of fact and reflects an application of the correct rule of law will not be overturned. Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).

**(1)** Mother challenges the family court's conclusion of law (**COL**) no. 13:

> 13.    Pursuant to HRS § 584-15(c) and (d), and based on the credible testimony by the parties at trial, specifically the testimony about Mother's mixed communications with Father about his paternity of minor child, Mother's expressed desire that she was uninterested in communicating with Father, and the fact that Mother did not file a paternity action sooner, the Court deems it just and appropriate that zero child support arrears are ordered from Father to Mother retroactive to the Child's date of birth . . . , but arrears would be just and appropriate effective May 17, 2019, the date the genetic test results for Father were filed, reflecting Father's probability of paternity being 99.99%.

Hawaii Revised Statutes (**HRS**) § 584-15 (2018) provides, in relevant part:

> (c)    The [paternity] judgment or order may contain any other provision directed against the appropriate party to the proceeding, concerning the duty of support . . . . The court **may** further order the noncustodial parent to reimburse the custodial parent . . . for reasonable expenses incurred prior to entry of judgment, including support . . . for the benefit of the child.
>
> (d)    Support judgment or orders ordinarily shall be for periodic payments which may vary in amount. . . . The court **may** limit the father's liability for past support of the child to the proportion of the expenses already incurred that the court deems just.

(Emphasis added.) We review the family court's application of HRS § 584-15(c) and (d) for abuse of discretion. See State, Child Support Enf't Agency v. Doe, 98 Hawaiʻi 58, 64-65, 41 P.3d 720, 726-27 (App. 2001).

COL no. 13 was supported by the family court's findings of fact (**FOF**):

17. [Father] is found by the Court to be a credible witness.

18. . . . Mother's testimony lacked credibility, in part, and her testimony regarding (a) her communications with Father about the parentage of the Child and (b) her willingness to include Father in Child's life is specifically not credible.

. . . .

20. Mother and Father were no longer in a dating or romantic relationship during Mother's pregnancy, but were in contact with each other.

21. The Court found both parties to be credible in their accounts of the strained relationship and strained communications between Mother and Father.

22. While pregnant and after the birth of minor child, Mother told Father numerous times that he was not the biological father of minor child. The Court found Father's testimony to be credible regarding this matter.

23. Following the birth of minor child, Mother told Father to stay away from her, alleging abuse by Father and threatening to petition for a protective order against him. The Court found Father's testimony to be credible regarding this matter.

24. Mother did not name Father on the birth certificate.

25. After the birth of minor child, Father asked to participate in a paternity test, but Mother refused. The Court found Father's testimony to be credible regarding this matter.

26. Neither party petitioned for paternity until CSEA initiated this case.

27. Mother never sought or received any financial assistance from the State of Hawaii, Department of Human Services or other State agencies in regards to the care and maintenance of the Child, nor did Mother request child support from Father until CSEA became involved.

28. Both parties were aware of the court process for petitioning for paternity and child support.

These findings are supported by substantial evidence in the record and are not clearly erroneous. Mother cites contrary evidence including her own testimony, and argues that she was more credible than Father. However, evaluating the credibility of witnesses and weighing conflicting evidence lies in the sole province of the trial court. See Fisher, 111 Hawaiʻi at 46, 137 P.3d at 360 ("It is well-settled that an appellate court will not

pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact.") (citation omitted).

COL no. 13 is not wrong; it is supported by the family court's findings of fact, which are not clearly erroneous, and reflects an application of the correct rule of law. See Est. of Klink, 113 Hawaiʻi at 351, 152 P.3d at 523. We conclude that the family court did not abuse its discretion by not awarding Mother child support from Child's date of birth until the date Father's genetic test results were filed.

**(2)** Mother challenges the family court's COL no. 9:

> 9. Pursuant to HRS § 576D-7, the Court finds that based on the parties' incomes, child support payments owing from Father to Mother would otherwise be set at $552 per month per the Hawaiʻi Child Support Guidelines, but Father agreed to pay $600 per month. Therefore, exceptional circumstances exist to order an upward deviation to $600 per month. Father is credited for any previous child support payments made.

HRS § 576D-7 (2018) requires that the family court "establish guidelines to establish the amount of child support[.]" The family court must use the Hawaiʻi Child Support **Guidelines** established under HRS § 576D-7 to establish the amount of child support required to be paid by a parent, except when exceptional circumstances warrant departure. HRS § 571-52.5 (2018); PO v. JS, 139 Hawaiʻi 434, 442, 393 P.3d 986, 994 (2017).

COL no. 9 was supported by the family court's findings of fact:

> 29. Father has been self-employed since at least 2018 doing business as EKB Construction.
>
> 30. In tax year 2020, Father earned thirty-six thousand dollars ($36,000).
>
> 31. In tax year 2019, Father earned fifty-seven thousand six hundred dollars ($57,600).
>
> 32. In tax year 2018, Father earned approximately thirty-six thousand dollars ($36,000).
>
> . . . .

5

> 37. The Court utilized the Child Support Guidelines Worksheet ("CSGW") to calculate the parties' child support obligation based on their respective monthly gross incomes [$36,000 per year or $3,000 per month for Father; $0 for Mother].
>
> . . . .
>
> 40. The resulting child support obligation reflected Father being obligated to pay Mother child support in the amount of $552.00 per month.
>
> 41. Father was willing and agreed to pay $600 per month to Mother as and for child support.

These findings are supported by substantial evidence in the record and are not clearly erroneous. The Guidelines worksheet filed by the family court reflects data consistent with the court's findings.

Mother argues that the family court "failed to utilize verified gross annual income for Father when calculating Father's child support . . . . Instead, the Court relied on untrustworthy and unsupported figures for Father's self-employed annual gross income when calculating child support[.]" But Mother fails to cite evidence in the record of Father's "verified gross annual income" upon which she claims the family court should have relied. We are not obligated to search the record for information that should have been provided by Mother. Haw. Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 480, 164 P.3d 696, 738 (2007) (first quoting Lanai Co. v. Land Use Comm'n, 105 Hawaiʻi 296, 309 n.31, 97 P.3d 372, 385 n.31 (2004) (explaining that an appellate court "is not obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions"); then citing Miyamoto v. Lum, 104 Hawaiʻi 1, 11 n.14, 84 P.3d 509, 519 n.14 (2004)). Mother's argument was not properly presented to the family court or preserved for appeal.

We also note that the family court did not err by ordering support greater than required by the Guidelines. On cross-examination Father agreed that he was paying $600 per month

in child support and was not contesting that amount.  In closing
Mother argued:

> In terms of child support, Your Honor, *we ask that the child support be maintained at $600 a month*.  There has been no request by either party that that be modified[.]

(Emphasis added.)  The Guidelines note that "the parents'
agreement to an amount of child support higher than the amount
calculated according to the worksheets may be enforceable[.]"
Haw. State Judiciary, 2020 Hawaiʻi Child Support Guidelines at
10.  We have stated that "the parties' agreeing . . . to more
child support than the Guidelines specify" is an exceptional
circumstance warranting departure.  Ching v. Ching, 7 Haw. App.
221, 224, 751 P.2d 93, 96 (1988).[2]  COL no. 9 is not wrong; it is
supported by the family court's findings of fact, which were not
clearly erroneous, and reflects an application of the correct
rule of law.  See Est. of Klink, 113 Hawaiʻi at 351, 152 P.3d at
523.

For the foregoing reasons, the Order Following Trial
entered by the family court on September 10, 2021, is affirmed.

DATED:  Honolulu, Hawaiʻi, September 30, 2022.

On the briefs:

Jacqueline E. Thurston,
for Defendant-Appellant MI.

Lisa E. Engebretsen,
Anthony A. Perrault,
for Defendant-Appellee EB.

Mark T. Nugent,
Deputy Attorney General,
for Petitioner-Appellee
(no brief filed).

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge

---

[2]     The $600 agreed-upon amount is subject to recalculation or modification under the family court's "continuing jurisdiction regarding the support of the parties' minor children." Napoleon v. Napoleon, 59 Haw. 619, 624, 585 P.2d 1270, 1273 (1978) (citing HRS § 580-47).